These cases depend, I think, on the question whether the decrees sought to be reheard and reviewed are the judgments of the courts wherein the petition to rehear and the bill to review them are filed, or the judgments or decrees of a superior and controlling court. This question depends on the construction of our act of 1799, directing the judges to meet at Raleigh for the purpose of determining all *Page 193 
questions of law and equity arising and remaining undetermined on the circuit. Section 3 directs that whenever any question of law or equity shall arise upon the circuit before any of the judges of the Superior Courts which the judge sitting may be unwilling to determine, and shall bedesirous of further consideration and a conference with the other judges, or where such questions had already arisen on the circuit, and had remained undecided by reason of a disagreement of the judges on the circuit, in either case the clerk of the district court, under the direction of the judge then sitting before whom such question (408) shall arise or come, shall make out a transcript of the proceedings in the case, and deliver the same to the judge, or the case shall be made out by the counsel, under the direction of the judge, or by the judge himself, as the nature of the case may require, which the judges shall file, at the meeting of the judges, with their clerk. By section 4 the judges are directed to argue and determine such cases, and file their opinions in writing with their clerk. Section 5 directs that the clerk of the meeting shall make out a full and correct certificate of the decision of the judges, and forward it to the clerk of the Superior Court of Law or Equity, where the question had been depending and had arisen; and the clerk of the said Superior Court shall issue execution or otherwise proceed as the decision of the judges may demand. I have not given the words of the act, except only such as may assist us in ascertaining the meaning of the Legislature so far as affects the present question. I consider this meeting of the judges under this act, and also under the act of 1810, when sitting on adjourned cases, as possessing not a single attribute or quality of a court, further than to protect themselves from interruption, that they might discharge the functions conferred by law; they had no process by which parties were brought before them or by which they enforced their decrees; the causes in which the points-arose remained in the Superior Courts, the points only were adjourned to the meeting; the judgments were enforced by process from the Superior Courts, on judgments of the Supreme Court, entered in that Court; they are judgments of the same grade as the other judgments of the court. In ascertaining what the law is, I would respect it as a higher evidence, as I would respect an opinion maturely formed more than one hastily made up; as the opinion of six men, more than the opinion of one man. But in judicial graduations I should rank it only as the judgment of the Superior Court. I think there is nothing in the argument that upon the certificate of the clerk of the meeting of the judges, the clerk of the Superior (409) Court issues execution instanter. This is to avoid delay; the judgment is entered instanter from the certificate, as coming from the judicial power residing in that court; and it is as competent for the Legislature to provide that it should be transmitted by the mode pointed *Page 194 
out in the act as to await the arrival of the judge, and then (the doubts being removed) to receive the judgment from the lips of the judge. The clerk issues an execution upon it as a record of that court, and therein recites it as such. It is said to permit the judge to rehear is to permit him to alter or change the decree; it thereby places him above the Conference Court. I think not; it only makes him equal to himself, and gives to him the power inherent in our chancellors, to rehear and alter the interlocutory decrees of his own court and to review and to reverse its final decrees; nor can this be considered as a subterfuge, that it is obeying the opinion of all the judges in form and substituting his own opinion for theirs; he obeys the will of the Legislature by causing the opinion of the judges in conference to be entered as the judgment of the judicial power which presides in that court, and that judgment has all the qualities of a judgment of that court, and none other, liable to be reheard and reviewed by the same judicial power that made it. I am strongly impressed with the belief that this is the only fair construction of the act; for it is not fairly to be presumed that the Legislature intended to take from these judgments a quality incident to chancery decisions — a quality of being revised somewhere; and if not by application to the Supreme Court, to what court shall application be made? If to the Conference Court, the applicant would be informed that they have not, nor ever had, the record — it never was before them; that they had only the points of the case brought before the judicial body which presides in the Superior Courts when not in conference; that the instructions of that body had been entered on the records of the (410) Superior Courts; that they had not any record to alter or amend. I have cited no authorities, for none can be found in the history of the English law; it bears no analogy to the decrees of the House of Peers, that has every attribute of a court. That has the most compulsory process to bring parties before it, towit, an appeal which lies to them from the court of chancery, and there is no doubt but they might cause the decrees to be entered on their rolls, and enforce them by process of their own; but, as matter of convenience, their decrees are remitted to the court from which the case came, and there enforced. But on the point of reexamining their decrees I express no opinion; nor would I be understood as expressing any in cases of appeals to the late Supreme Court, or to cases determined by this Court.
I am, therefore, of opinion that the motion to dismiss the bill of review in Griffin v. Griffin, and the petition to rehear the interlocutory decree in Benzien v. Lenoir, be disallowed. I think both stand on the same ground.
PER CURIAM. Decree accordingly.
Cited: S. c., 16 N.C. 226.
Distinguished: R. R. v. Swepson, 73 N.C. 317. *Page 195